IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN M. LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-09-256-C |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On February 2, 2010, United States Magistrate Judge Shon T. Erwin issued his Report and Recommendation ("R&R") in this action in which Plaintiff seeks review of the denial of his application for disability insurance benefits. Judge Erwin recommended the Commissioner's decision be affirmed. Plaintiff's objection to the R&R was timely filed on March 2, 2010, and the Court reviews the matter de novo.

Plaintiff's objections to the R&R are that: 1) the ALJ erred in not contacting Dr. Varga to understand the discrepancy in the GAF determination; 2) the ALJ erred in failing to treat Dr. Hefley, a chiropractor, as a treating physician when considering his opinion regarding Plaintiff's abilities; 3) the ALJ erred in improperly explaining the weight given to "other sources"; 4) the ALJ erred in not recontacting Dr. Hefley to find out if the RFC evaluation performed in May of 2008 would have been accurate on the date last insured.

The Court finds two of Plaintiff's complaints to warrant remand. First, contrary to Judge Erwin's determination, the Court finds the ALJ had a duty to recontact Dr. Varga. The ME found Dr. Varga's report to be internally inconsistent and noted that the GAF score determined by Dr. Varga would have prevented Plaintiff from performing any work. However, when faced with these issues, the ALJ simply rejected Dr. Varga's finding and relied on the ME's report. Without further factual evidence regarding Dr. Varga's basis for the GAF score, the ALJ erred in rejecting that information. See Maes v. Astrue, 522 F.3d 1093, 1097-98 (10th Cir. 2008) ("[W]hen the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue."). Consequently, this matter will be remanded for further factual development on this issue.

For the same legal reasons, the Court finds it was error for the ALJ to not contact Dr. Hefley to further explore the RFC evaluation performed by Dr. Hefley. As with Dr. Varga, the ALJ was in possession of a report from Dr. Hefley that differed from the determination of Plaintiff's abilities at the hearing. Rather than simply discount this report, the ALJ had a duty to contact Dr. Hefley and determine if the report accurately reflected Plaintiff's abilities as of December 31, 2005. Because Plaintiff was not represented by counsel at the hearing before the ALJ, "the ALJ's 'duty [to develop the record] is heightened.'" Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006) (citations omitted). The failure to contact Dr. Hefley and inquire about the applicability of the RFC was error and requires remand for further factual development.

The Court finds no error in the reasoning of the Magistrate Judge on the remaining issues and therefore adopts them in their entirety.

As set forth more fully herein, the Court ADOPTS the Findings and Recommendation issued by the Magistrate Judge on February 2, 2010, in part, and DECLINES to adopt it, in part. This matter is REMANDED to the Commissioner for additional proceedings consistent with the rulings herein.

IT IS SO ORDERED this 31st day of March, 2010.

ROBIN J. CAUTHRON
United States District Judge